### FRANK MICHEAUX V. THE STATE.

*No. 3370.*  *Decided February 24.*

**Theft of Horse—Charge of Court.**—Where on a trial for the theft of a horse the theory of the defense was that the horse had strayed from the possession of its owner, that defendant took up the animal, carried him to the owner for the purpose of receiving the reward which the owner had offered for the return of his horse, that he delivered the horse to the owner, and the owner allowed him $2.75 for his services in returning his horse to him, *held*, that under this state of case the court should have instructed the jury, in effect, that "if defendant took the horse with intent to return him to the owner in order that he might receive the reward offered for the horse, then in that event he was guilty of no crime, and if they so believed the jury should acquit."   The charge as given the jury was wholly insufficient in not presenting the law upon this theory of the defense.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. C. L. Cleveland.

This is an appeal from a judgment of conviction in the court below for horse theft, the punishment being assessed at five years confinement in the penitentiary. The facts are sufficiently stated in the opinion.

*Uvalde Burns*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for the theft of a horse, the property of one J. M. Ludke.

It appears from the testimony that Ludke's horse disappeared about the last of March or the first of April, 1891 The next seen of him was in the neighborhood of the place where defendant took him in possession, which was some time in October. Defendant's witness E. Burkel, Jr., says: "I told the defendant about this horse, describing him to him, and he said he knew the horse, and that it belonged to Mr. Ludke, of Houston." The appellant himself testified: "I penned some stock at Mr. E. Burkel's about the middle of October, 1891. It was on Sunday. While there Mr. Burkel, Jr., told me of a stray horse which had been in the neighborhood some five or six months, and described him to me, and I told him that the horse belonged to Mr. Ludke, of Houston. I knew there was a reward offered for it, and I wanted to get it. * * * The next day I went out on the prairie, got the horse, and took him to Houston, where I lived, and kept him at my house until Tuesday morning." Witness then states that he overtook Ludke riding in a wagon. He is a butcher. "I said to Ludke, 'Is this your horse?' He replied, 'I don't know,' got out of the wagon, and walked around the horse, and said, 'Yes, that is my horse.' I told him where I got it, and claimed the reward, and he allowed me $2.75. I had heard from several sources that Ludke had lost his horse, and he himself had told me so." Defendant delivered up the horse to Ludke.

This testimony presents the theory of the defense in the case. Under this state of case the court should have instructed the jury, in effect, that if the defendant took the horse with the intent to return him to Ludke, the owner, in order that he might receive the reward offered for the horse, then, in that event, he was guilty of no crime, and if the jury so believed they should acquit him. The charge of the court as given to the jury did not give this theory of the defense. In so far as the defensive matter was concerned, the court only charged upon a voluntary return of the property before a prosecution had been insti-

tuted, and generally, that the jury would acquit if they had a reasonable doubt of the guilt of the defendant.

We think the charge was wholly insufficient, in that it did not present the law arising directly from the main theory of the defense, as above set out. This was not a case of circumstantial evidence, and the court did not err in refusing defendant's special requested instruction based upon that hypothesis. But for the error which we have above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.